Grosvenor, J.
The defendant was indicted by a grand jury sitting at Mayville, in the county of Chautauqua, at what was supposed to be a regular term of the oyer and terminer, appointed to be held in and for said county on the first Monday (January 7, 1878), Justice George Barker being the justice designated by the convention of justices to preside at said term. It is quite unnecessary to recite the pleadings, which occupy over twenty-five pages. The substance of the plea is, that the oyer and terminer and the grand jury organized thereat, and which found the indictment in question, sat illegally. • The facts will be sufficiently understood by this opinion. It is assumed as admitted by the plea that a term of said oyer and terminer was regularly and legally appointed for the first Monday, January 7, 1878, and that Justice Barker was regularly and legally designated to preside at the said term. Also, by the demurrer, that the county judge and the two justices of the sessions were present, at the time and place appointed for the holding of said term, but took no part whatever in the adjournment thereof hereinafter mentioned. That Justice Barker, being unable to attend and preside at said term, made and delivered to the sheriff of said county, at a time before and at a place other than that where the term of oyer and terminer' was appointed to be held, a paper writing of which the following is a copy:
“ State of New York,
Chautauqua County, ss.
“I, George Barker, one of the justices of the supreme court, appointed to hold a circuit court, special term and oyer and terminer in and for the county of Chautauqua on January 7, 1878, being unable to attend on account of illness, do hereby order and direct that the said courts be and the same are *258 adjourned over to Monday next, the 14th instant, at 10 a.'m..
£ £ This order to be entered in the minutes of the court. “Witness my hand this 7th day of January, 1878.
George Barker.
“ To the Sheriff of Chautauqua County.
The Clerk of Chautauqua County.”
The sheriff took said paper writing, went to the court-house, and at the time appointed for the opening of said term, a crier opened it, and the sheriff then and there declared the same adjourned to January 14,1878, at 10 A. M.
On the arrival of this last mentioned day, Justice Barker, being still unable to attend and preside, made at a time before and at a place other than that at which the said court was appointed to be held either by the original appointment or by the adjournment of the sheriff, a certain paper writing of which the following is a copy:
“ State of New York,
Chautauqua County, ss.
“I, George Barker, one of the justices of the ¡supreme court, appointed to hold a circuit court and ■special term, and a court of oyer and terminer in the village of Mayville and for the county of Chautauqua, on the 14th day of January, 1878, being unable to attend and hold the same on account of illness, do hereby adjourn the same to the 16th day of January, 1878, 10 A. M.
“Dated January 14, 1878.
George Barker.
“ To the Sheriff of Chautauqua County The Clerk of Chautauqua County.”
—and delivered said paper writing to the sheriff, who took the same to the county seat, and then and there, on the arrival of 10 o’clock A. M. of January 14, 1878, *259 a crier did proclaim said court of oyer and terminei open, and the sheriff then and there declared the same adjourned to January 16, 1878, at 10 o’clock A. M., neither the county judge, or either of the justices of the sessions, being present. It is fair to presume that the said orders were made on the days they respectively bear date, but an hour or two before the time had arrived for opening said court.
On the arrival of the last mentioned time (10 o’clock A. M. of January 16), Justice Haight, one of the justices of the supreme court, appeared, and opened said term, the county judge and justices of the sessions being present.
The grand jury which found this indictment was then and there organized.
The precise question presented by the plea and demurrer is, whether this was a legal grand jury.
This is supposed to depend entirely upon the regularity or legality of the two adjournments before mentioned.
The legal question involved is, whether a justice designated by the convention of justices to preside at a term of oyer and terminer appointed by them, can by his order, made out of court, and by the intervention of the sheriff, adjourn said term to another time, and if so, when must said order be made ; for how long a time may said adjournment be; how many times repeated; and if he can adjourn said term in that way at all, then, were the two adjournments mentioned regularly made?
We examine but the first proposition.
It is conceded on all hands, that, if the justice has the power to so adjourn, he derives it from sections 34, 35 and 36 of the Code. Section 34 of the Code reads as follows:
“A general, special, or trial term of a court of record may be adjourned, from day to day, or to a *260 specified future day, by an entry in the minutes. Jurors may be drawn for, and notified to attend a term so adjourned, and causes may be noticed for trial thereat, as if it was held by original appointment. Any judge of the court may so adjourn a term thereof, in the absence of a sufficient number of judges to hold the term.”
The last sentence of that section, which is here italicised, is new—being first found in the new Code, adopted in 1877. The balance of said section is an amendment of the Code of Procedure as it stood prior thereto. The object of the amendment, as declared by the codifiers, in a note to said section, was to make the provision contained in it general. This is done by substituting the first paragraph of section 34 for the first paragraph of the second subdivision of section 24 of the Code amended, inserting the words “from day to day,” in regard to general and special terms of the supreme or county courts, and adding the last paragraph of section 34 of the present Code, as above quoted.
The demurrer admits that the county judge and justices of the sessions were present on the seventh at the time for opening the court. It was conceded by all counsel on the argument that, being present, they were, and each and every of them was, then and there, a judge of said court of oyer and terminer. We have no doubt that the provision of the last sentence of section 34: “Any judge of the court may so adjourn a term thereof, in the absence of a sufficient number of judges to hold the term,” is broad enough to enable either of said judges to adjourn, provided the contingency therein mentioned existed ; and it seems to us, that unless we are to conclude that the presence of a justice of the supreme court to preside is entirely unnecessary to the legal structure of a court of oyer and terminer, then the contingency above referred to ■did actually exist on the morning of the seventh, and *261 that either the county judge, or either of the justices of the sessions, might have adjourned said oyer and terminer* either from day to day, or to a specified future day, and have caused an entry thereof to be made in the minutes ; but we did not know enough to do it; and it is hardly to be supposed Justice Barker, in the seclusion of his sick chamber, was in a condition to examine the question, or even to make it the subject of much reflection. But could the county judge, or either of the justices of the sessions, have adjourned said court without being actually present at the time and place appointed by the convention of justices for its sitting % It seems to us they had no such power. That the first paragraph of section 34 contemplates a court convened, organized, and having minutes. The language is, 61A general, special, or trial term of a court of record may be adjourned, from day to day, or to a specified future day, by an entry in the minutes.'1'1 Fo conditions or contingency is necessary. On the contrary, it implies that the judges are present and gives the authority to adjourn, even as a mere matter of convenience. This, we do noS think, can be taken as authorizing any judge of the court to adjourn the court without being present. This position, we think, is fortified by the wording of the last paragraph of the section, “Any judge of the court may so adjourn a term thereof, in the absence of a sufficient number of judges to hold the term.” This, we think, contemplates the absence of some judge or judges, and the presence of other or others, and likewise the same condition of things provided for in the first paragraph of the section, namely, a court, convened, organized, and having minutes, but that, for some reason, some of the judges have absented themselves, so that there is not a sufficient number present to hold the term, in which condition of things any judge of the court,' being actually present, might adjourn from day to day, until a suffici *262 ent number did appear, or he might adjourn to a future day. But could either of them exercise this power at any other time or place? We think not. This provision, we think, was intended to relieve the condition of things as' they existed when People v. Bradwell, 3 Cow. 445, was decided. It will be noticed that the power to adjourn is conferred in this language, “ Any judge of the court may so adjourn.” This word “so” applies to the manner of the adjournment, viz : by an entry in the minutes. Taking the whole section, it clearly contemplates a court convened, organized, opened and running, but, that for some unforeseen occurrence, some of the judges are absent. To give the section any other construction seems to us to involve utter confusion. If the power is conferred upon each of the judges, it follows that if one can adjourn the court without going to it, every other has equal power, and the utmost confusion might prevail. Judge Barker in this case made his order adjourning to the 14th. Suppose the county judge, out of court, had made an order for a different day ? Justice Mullett, oat of court, an order for still a different day ? And Justice Northrup, being present and in court, had adjourned the court to yet a different specified future day ? Which of these adjournments would have prevailed ?
We think it must be conceded that Justice Northrup’s adjournment would have prevailed over either that of the county judge or that of Justice Mullett, simply for the reason that his adjournment was made in court, and he was clearly acting within the letter, as well as the spirit, of section 34 of the Code.
But it is supposed by the learned district-attorney that the order of Justice Barker would prevail over-that of Justice Northrup, for the reason that he was the justice of the supreme court designated by the convention to preside at said term. Justice Barker *263 was evidently under that impression when" he made the order before recited. His language is, “ I, George Barker, one of the justices of the supreme court, appointed to hold a circuit court, special term and oyer and terminer in and for the county of Chautauqua on January 7.” "He undoubtedly had the power to hold a circuit and special term ; but does the law give him power to hold an oyer and terminer ? In considering this question it is to be borne in mind that our laws treat the circuit court and oyer and terminer as different courts, and both as courts of record (see § 2 of Code). Section 235 of the Code makes provision that any justice of the supreme court has power to sit at a general term, hold a special term, or a circuit court, or to preside at a term of oyer and terminer. These words, “sit” “hold” “preside” when used with reference to courts, have a well-settled meaning. In fact, they are but the provision of the constitution embodied in that section of the Code. The language of the constitution is, “Any justice of the supreme court may hold special terms and circuit courts, and may preside in courts of oyer and terminer, in any county.”
We conclude, therefore, that no one justice of the supreme court derives any super-added power as a judge of any particular court of oyer and terminer by virtue of his designation by the convention of justices to preside at it, because, under the constitution, any justice of the State who happened to be present may preside. The power to preside is, by the letter of the constitution, made to depend upon the actual presence, and not upon any designation by the convention of justices.
We are of the opinion that section 34 of the Code confers no power upon any judge to adjourn the oyer and terminer by an order made out of court, and in the *264 circumstances under which the orders of Justice Barker were made.
Furthermore, from an examination of Justice Barker’s orders, we are inclined to the opinion that they were not made under section 34, but under sections 35 and 36 of the present Code. These sections, we think, were intended to apply to a circuit or special term of the supreme court, and to a term of the county court, and have no relation or application whatever to a court of oyer and terminer or a court of sessions ; and that section 34, as now framed, was intended to embrace these courts, as it would seldom, if ever, happen that some one of the judges of the oyer and terminer and sessions would not be present.
But, as considerable was said, upon the argument, in regard to the powers conferred by sections 35 and 36, we have thought it our duty to examine them.
Section 35 is a consolidation and amendment of 2 Revised Statutes, 197, part 3, chap. 1, title 3, section 6, and 2 Edm. 205, and Id., tit. 4, section 19 (3 R. S. 5th Ed. 295; 2 Edm. 212) consolidated.
The amendment consists in changing the time from 8 to 4 o’ clock, and making the section general.
But the section, as it stands, shows that it was never intended to apply to a court of oyer and terminer or to a court of sessions, because no one judge is authorized to hold a term of either of these courts. The language of section 35 is, “ If a judge, authorized to hold a term of a court, does not come to the place,” &c. A justice designated is authorized to hold a circuit or special term. A county judge is authorized to hold a term of the county court, but neither can hold a court of oyer and terminer or a court of sessions, though the justice of the supreme court is authorized to preside in the former and the county judge in the latter.
Calling to mind what we have before quoted from the constitution and Code to show the distinction re *265 cognized between the terms “sitting in,” “holding,” and “presiding at a term,” we think it clear that this section was never intended to apply in any manner to a court of oyer and terminer or sessions.
Besides, the statutes, of which this section is a consolidation, were never supposed to have any reference to a court of sessions or of oyer and terminer.
Sections 35 and 36 are as follows:
1 ‘ Section 35. Adjournment of term, Judge not appearing.
“If a judge, authorized to hold a term of a court, does not come to the place where the term is appointed to be held, before four o’clock in the afternoon of the day so appointed, the sheriff or clerk must then open the term, and forthwith adjourn it to nine o’clock in the morning of the next day. If such a judge attends by four o’clock in the afternoon of the second day, he must open the term; otherwise the sheriff or the clerk must adjourn it without day.”
“ Section 36. When a court to be adjourned to a day certain.
“If, before four o’clock of the second day, the sheriff or the clerk receives from a judge, authorized to hold the term, a written direction to adjourn the term to a future day certain, he must adjourn it accordingly, instead of adjourning it as prescribed in the last section. The direction must be entered in the minutes as an order.”
But if we concede that sections 35 and 36 of the Code were intended to apply to an oyer and terminer, it would carry with it the difficulty involved by the fact that the county judge and justices of the sessions are judges of that court, and consequently, under the provisions of section 34, have power to adjourn it, and the same confusion to which we have before alluded would be at once involved. To illustrate. Supposing that on the morning of the 7th, the county judge and *266 the justices of the sessions, being present, had adjourned the court of oyer and terminer precisely one month, and made the proper entry in the minutes, as we think they were clearly authorized to do by the provisions of the last paragraph of section 34; and supposing Justice Barker to have made his first direction or order on the second day instead of the first, and that it reached the sheriff before four o’clock of the second day, as provided by section 36, and that the sheriff had made the same adjournment which he did make ; which of the two adjournments would have been legal and prevailed ? That made by the judges in court, or that made by the sheriff by direction of Justice Barker, made out of court and a day after the adjournment of one month made by the other judges in court, and acting strictly within the letter as well as the spirit of section 34 % We think there can be no doubt that the first adjournment, by the judges in court, would be held to be legal; and that if Justice Haight and the county judge and justices of the sessions had appeared as they did on the sixteenth, and organized a grand jury which found this indictment the whole proceedings would have been cor am, non judice; for the simple reason that the oyer and terminer had, prior to that time, been legally and regularly adjourned to a time beyond the 16th, viz., one month from the 7th.
It was contended on the argument in support of the plea that under a strict construction of sections 35 and 36, Justice Barker had no power to make the direction until after the arrival of the hour of ten o’clock, of the 7th, because, until the arrival of that hour, the contingency in which he was authorized to make it could not exist. But when we consider that this is a remedial provision, and for that reason entitled to a liberal construction, and, moreover, that the law knows no fractions of a day, we should be inclined to the opinion that the direction would not be invalidated for *267 this reason. It is too technical. But, as before stated, we think those sections (35 and 36) have no application to a court of oyer and terminer, or a court of sessions, but simply to the circuit and special term of the supreme court and the county court.
We have considered the grounds suggested, that the adjournment of the circuit carried with it the adjournment of the oyer and terminer. This would be so if the court of oyer and terminer were barely an incident of the circuit. Our courts have steadily held to the contrary (See People v. Bradwell, before cited ; also 37 N. Y. 203).
We have also considered the question whether the adjourned day of Justice Barker could be considered a day of original appointment. This would be subject to all the objections we have alluded to in regard to confusion, besides empowering a single judge to change at his pleasure the day fixed by the convention of judges, and would in addition thereto be liable to all the objections alluded to by the court in Northrup v. People, 37 N. Y. 203; and People v. Moneghan, 1 Park. Cr. 570.
We have not considered ourselves called upon or authorized to examine or express any opinion as to the legality or regularity of Justice Barker’s adjournment of the circuit, as it is in no way drawn in question by this plea.
Upon the whole, we think the plea in abatement must be sustained, and the proper judgment entered.