# Richmond.

## LANGHORNE V. WALLER'S EX'OR.

### February 16, 1882.

1. COURTS—*Failure to sit.*—When a court fails to sit on any day to which it may have adjourned, all matters ready for the court to act upon, *if it had been held* on such day, shall be in the same condition and have the same effect as if continued to the next day of the same term that the court *may* sit.

2. IDEM—*Idem—Case at bar.*—Corporation court of L adjourned from 20th to 23d December; failed to sit on 23d, but sat before 4 o'clock of the third day after the 23d, and tried and entered judgment in a cause which at a previous day of the term had been set for trial on the day last referred to, for convenience and by agreement of counsel.

HELD :

> The court had a right to sit and try and determine the cause before 4 o'clock on 26th December, and the judgment entered by it that day is valid.

Error to judgment of the corporation court of Lynchburg, entered 26th December, 1876, in suit of H. M. Waller, executor of Robert P. Waller, deceased, against Charles S. Langhorne.

On a previous day of the term, the cause had been set for trial on the 26th proximo, for convenience and by agreement of counsel. On 20th the court adjourned to, but did not sit on, 23d December; yet on 26th December it sat and tried and determined the cause and entered judgment against the defendant for $2,750, with interest, and subject to certain credits, as therein stated. Defendant objected to the entry of any judgment, for the reason that the December term of the court, according to law, had ended.

This objection the court overruled, and defendant excepted, and obtained writ of error and *supersedeas* from one of the judges of this court.

*John W. Daniel, E. P. Goggin,* for appellant.

The judgment complained of was *coram non judice,* and void. When the court adjourns from one day to another the term does not fail, provided three days do not elapse between sittings. But when there is no sitting for six days (as between 20th and 26th December), by reason of a failure to sit according to adjournment, it is plain, we think, that any after-sitting is invalid. Code 1873, ch. 157, § 3 and § 14.

*Ould & Carrington, Kirkpatrick & Blackford,* for appellee.

1. The point in issue is the correctness of the last proposition of the appellant's counsel. They seem to have overlooked the 15th section of chapter 157, whereon the court below evidently based its decision. This section provides fully, clearly, and *decidedly,* the point in controversy.

2. Is not the statute merely directory, and does it not follow that jurisdiction is avoided, if the court fails in a literal compliance with the direction? See *New Orleans* v. *Stark,* 50 La. Annual, 614; Potter'e Dwarris on Statutes, pp. 221–2 and note 29 on p. 222; Cooley on Constitutional Limitations, pp. 74–78.

CHRISTIAN, J., delivered the opinion of the court.

The court is of opinion that there is no error in the judgment of the corporation court of Lynchburg.

The record presents but a single question, which is to be determined by the true construction to be given to sections 3, 14 and 15 of chapter 157 of the Code of 1873.

The facts upon which this question arises are set forth in the following bill of exceptions:

Be it remembered, that when this cause was tried on the 26th day of December, 1876, and before the judgment therein was entered, the defendant, by his counsel, objected to the entry of any judgment therein for the reason that the December term of this court, according to law, had ended. The court on Wednesday, the 20th day of December, 1876, adjourned to Saturday, the 23d day of said month, and there has been no sitting of the said court from the said 20th day of December to the said 26th day of the said month, notwithstanding an entry appears on the order book of an adjournment on Saturday, the 23d, to Tuesday, the 26th of said month (which order, on the motion of the defendant, was ordered to be stricken out). But the court being of opinion that it has the right to sit at any time before 4 o'clock of the third day after the said 23d of December, to which it had adjourned as aforesaid, and because at a previous day of the December term, 1876, the trial of this cause had been agreed and set to be had on the 26th of said month for the convenience of the counsel on both sides, the court then stating that it would keep the court open for that purpose, overruled the said objection and caused the said judgment to be entered.

It is claimed by the learned counsel for the plaintiff in error that the record shows that the court did not actually sit on Saturday, the 23d, and did not sit until Tuesday, the 26th; and it is objected that the court could not sit on that day because the term had ended by the failure of the court to sit on the 23d.

As to the power of the court to adjourn from Wednesday, the 20th, to Saturday, the 23d, there can be no question, for the 14th section of chapter 157 provides as follows: "Though a court be not held on the first day of a term, it may nevertheless be opened on any subsequent day; pro-

vided, in the case of a circuit, county, or corporation court the same may be done before 4 o'clock in the afternoon of the third day." Indeed, no objection has been made as to the adjournment of the court from Wednesday, 20th, to Saturday, 23d, but the point of objection is, that inasmuch as the court did not actually sit on Saturday, 23d, and not until Tuesday, 26th, there was no sitting of the court for six days, and that the judgment entered on the 26th was invalid, because it was entered by a court which had no power to render it, because the term of that court had ended by operation of law.

We think this objection is not well taken. The 15th section was intended to meet the very objection relied upon by the defendant's counsel. That section (leaving out such matters as do not apply to the question under consideration) provides as follows:

15. * * When a court fails to sit on any day * * to which it may have adjourned, all matters ready for the court to act upon *if it had been held* on any such day, shall be in the same condition and have the same effect as if * * continued to the next day of the same term that the court *may* sit."

Now, the court had adjourned over from Wednesday, the 20th, to Saturday, the 23d. On what day could it sit after Saturday, the 23d? It failed to sit on that day, and did not sit until the 26th. Could it sit on that day? We think that question is answered in terms by the 14th section of chapter 157, which provides as follows:

"If after a court is opened it fail to sit on any day, it may nevertheless sit on any subsequent day of the term, provided there be not more than three consecutive days of such *failure.*"

It cannot be said that there had been a *failure* of the court to sit on Thursday, 21st, or on Friday, 22d, for the adjournment had been ordered to Saturday, 23d. That was

the first day after the 20th that the court could sit, and plainly that was the first day on which there was a *failure* to sit.  When, therefore, the court having adjourned over, as it had a right to do, to Saturday, 23d, and having failed to sit on that day, the 26th, the day on which it resumed its session, was within the three consecutive days (even counting Sunday and Christmas day) prescribed by the statute.

We are therefore of opinion that there is no error in the judgment of the corporation court of Lynchburg, and that the same be affirmed.

JUDGMENT AFFIRMED.