THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,. *v.* EUGENE SULLIVAN, APPELLANT.

*Right to convene a court, after its failure to convene on the day to which it has been adjourned.*

The defendant having been put upon his trial under an indictment for the crime. of willfully discharging a loaded firearm at a railway train, the trial was not con- cluded on the first day, and an adjournment was duly ordered and taken until the next morning, when, owing to a storm of extraordinary severity, neither the county judge nor the justices for sessions reached the court-house, nor was. any court convened on that day, but on the next day thereafter, about twelve o'clock, the judge and justices and jury resumed their places, the court was. declared open and the defendant's trial was proceeded with without objection on his part, resulting in his conviction and sentence to State prison. Before sentence, however, defendant's counsel moved in arrest of judgment upon the ground that there was no legal Court of Sessions held subsequent to the first. day of the trial.

*Held*, that as the opening, constituting and adjourning of courts are subject to statutory provisions, and as the statute has undertaken to provide for adjourn- ments and has made no provision for such a case as was presented here, that the court in this case was not, subsequent to the adjournment of the court on the: first day of the trial, properly convened nor authorized to try the defendant, and that the conviction and sentence should be reversed.

APPEAL from a judgment of conviction and sentence entered at. the Montgomery County Court of Sessions.

The defendant was indicted for the crime of willfully discharging a loaded firearm at a railway train and car moving upon a railway He was brought to trial before a jury at the Montgomery county Court of Sessions, duly held by the county judge and two justices for sessions of that county, at the court-house, in Fonda, on the. 12th day of March, 1888. The trial proceeded, but was not con- cluded on that day, when an adjournment was duly ordered and taken until the next morning, March 13, 1888, at nine o'clock in the forenoon. But owing to a storm of extraordinary severity, accom- panied with an unusual fall of snow, neither the county judge nor one of the justices for sessions reached the court-house. No court. convened on that day. On the next day, March fourteenth, at about twelve o'clock, the judge and justices and jury appeared and resumed their places, the court was declared open, and the trial of the defend--

ant proceeded without objection on his part, resulting in his conviction and sentence to State prison for one year. Before sentence was pronounced the defendant's counsel moved in arrest of judgment upon the ground that there was no legal Court of Sessions held on the 14th day of March, 1888. The motion being denied, the defendant's counsel excepted.

*E. J. Maxwell*, for the appellant.

*Chas. S. Nisbet*, district attorney, and *H. L. Huston*, for the people.

LANDON, J.:

The Court of Sessions duly and regularly adjourned on the twelfth of March until the thirteenth. But on the thirteenth it did not convene at all. Section 34 of the Code of Procedure authorizes an adjournment "from day to day, or to a specified future day." An adjournment from the twelfth to the thirteenth was an adjournment from day to day. An adjournment from the twelfth to the fourteenth would manifestly be an adjournment " to a specified future day." Our attention is called to the thirty-fifth section, but that provides for opening the *term*, and for an adjournment, if the judge authorized to hold the term does not come to the place where the term is appointed to be held. These judges had duly opened the term and duly adjourned the court to the thirteenth. They did not convene or sit in court on the thirteenth, and the court did not act on that day Now, when it assumed to act on the fourteenth, what warrant had it for action? It had not been appointed for that day, nor continued or adjourned to it. Might it not as lawfully sit at any unspecified future day? We must declare the law as it is, not make it. The statute has assumed to provide for adjournments, but here is a case for which it has not provided. Freeman on Judgments (§ 90), says: "Every term continues until the call of the next succeeding term, unless previously adjourned *sine die*." But how continues? Under a practice regulated by statute it must continue as the statute provides; if there is no statute, then in accordance with its own practice, and following that practice one term might continue until the time fixed for the next. But Freeman also says (§ 121, note): " In the absence of any statutory provision to the contrary, the term is lost, unless the judge appear at the appointed time and open court; and all subsequent proceedings are void."

The authorities in this State, to which we are cited, are to the effect that, in opening, constituting and adjourning court the statutory directions must be substantially followed, or the court fails. In *People* v. *Bradwell* (2 Cow., 445) the circuit judge appeared on the first day; the justices for sessions did not appear until two days later The circuit judge opened the circuit on the first day, but conceiving that he had no power to open the Oyer and Terminer in the absence of his associates, that court was not opened until their arrival. It was held that the Court of Oyer and Terminer failed to exist. In *People* v. *Clews* (4 Abb. N. C., 264) it was held that the Court of Oyer and Terminer failed because not duly adjourned. In *Northrup* v. *People* (37 N. Y., 203) a Court of Oyer and Terminer adjourned from White Plains to Bedford. It might have been duly appointed at Bedford in the first instance, but it had been appointed at White Plains. The proceedings at Bedford were held void. These cases are not exactly in point, but they are to the effect that the statutory practice must be pursued. Cases in other States are to the same effect. (*Wright* v. *Wallbaum*, 39 Ill., 554; *Moore* v. *Heron*, 17 Neb., 701; *Langhorne* v. *Wallen*, 76 Va., 213).

The motion in arrest of judgment was well taken; it presented the question that the proceedings on the fourteenth were *coram non judice* and void, and such they were. The failure of the defendant to object to proceeding with the trial could not constitute a court

The conviction and sentence must be reversed.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment and conviction reversed.