Filed Nov. 22, 1890.

────────◆────────

No. 14,617.

## FLEENER ET AL. *v.* CLAMAN, TREASURER.

FREE GRAVEL ROAD.—*County Commissioners.*—*Special Session.*—The board of county commissioners has power to act in the matter of establishing free turnpike roads at a special session.

SAME.—*Appeal from Board of Commissioners.*—*Vacation of Order.*—An appeal to the circuit court from an order of the board of commissioners establishing a free turnpike road vacates the order of the board as to the parties appealing, but as to those who do not appeal it remains in full force.

From the Monroe Circuit Court.

*J. R. East, W. H. East, R. W. Miers* and *E. Corr,* for appellants.

*J. W. Buskirk* and *P. K. Buskirk,* for appellee.

COFFEY, J.—This was a suit by the appellants against the appellee to enjoin the collection of assessments against the lands of the appellants made to pay for the construction of a free turnpike road under the provisions of section 5091, R. S. 1881, and sections following it upon the same subject.

The cause was tried by the court, which made a special finding of the facts, and stated its conclusions of law thereon.

The special finding of facts makes it apparent that all the

requirements of the statute were substantially complied with, but the objection is urged, that as the board of commissioners took the initiatory steps at a special session the whole proceeding is void.

While the question here involved was, at the time of the trial of this cause, an open one, it can not now be so regarded. The board of commissioners has power to act in the matter of establishing free turnpike roads at a special session. *White* v. *Fleming,* 114 Ind. 560; *Stipp* v. *Claman,* 123 Ind. 532; *Anderson* v. *Claman,* 123 Ind. 471.

It further appears from the special finding that two of the persons whose lands were affected by the construction of the road in question, appealed to the circuit court of Monroe county from the order of the board of commissioners establishing the road, when such order was, as to them, set aside. The contract for the work of grading and improving the road was let while such appeal was pending.

The appellants in this case now contend that such appeal vacated the order of the board, and that it had no power to act during the pendency of such appeal.

The question here involved was decided adversely to the appellants, by this court, in the case of *Stipp* v. *Claman, supra,* and *Anderson* v. *Claman, supra.*

The appeal vacated the order of the board as to the parties appealing, but it did not vacate it as to those who were content with such order, and were willing to abide by its terms. As to them it remained in full force.

There is no error in the record.

Judgment affirmed.

Filed Nov. 22, 1890.