Filed Oct. 17, 1893.

---

No. 16,357.

CASON *v.* HARRISON, TREASURER OF BOONE COUNTY.

GRAVEL ROAD.—*Proceeding Establishing.*—*Appeal from.*—*Reversal on Appeal.*—*Judgment on Appeal Only Affects Parties Appealing.*—*Collateral Attack.*—*Injunction.*—Where six freeholders affected by a proceeding establishing a free gravel road appealed from such proceedings in the commissioners' court, in their own behalf, and for others who might desire to receive the benefits thereof, to the circuit court; and, upon a hearing by the circuit court, the proceedings in the commissioners' court were declared void and without authority of law, such decree of the circuit court only enures to the benefit of the six appellants, and can not be taken advantage of by any other party affected by the proceedings in the commissioners' court, and not appealing. The proceedings establishing the road not being

*coram non judice*, they were not subject to collateral attack by way of injunction against the county treasurer, restraining him from collecting assessments therefor, by a party not having appealed to the circuit court and obtained the judgment as above mentioned.

From the Boone Circuit Court.

*P. H. Dutch*, for appellant.

*O. P. Mahan*, for appellee.

DAILEY, J.—This is an action to restrain the treasurer of Boone county, Indiana, from collecting a certain assessment for cost, against the lands of the appellant, for the construction of a free gravel road, established under the acts of the Legislature of 1877.

The complaint is in two paragraphs, and is too lengthy to be copied into this opinion.

Among the many averments contained in the amended first paragraph of the complaint, it shows that a petition and bond were filed in the commissioners' court; that the same were acted upon and considered sufficient; that engineers and viewers were appointed; that they were to, and did, meet at a certain time and examine the proposed road, and did make and file with the commissioners a report; that the report was approved, the final sufficiency of the petition determined and adjudicated by the board, the road established, a committee appointed to apportion the cost on the various tracts of land; that said committee made a report, and it included the apportionment of the amount on appellant's land; that said report was approved, and the various assessments confirmed and ordered placed on the tax duplicate.

It then alleges that within the proper time an appeal was taken, by six persons affected, to the Boone Circuit Court; that these six persons were remonstrators below with the plaintiff; that they took the appeal for themselves and others who might desire to receive the benefits thereof; that before the apportionment of the cost,

the contract for the construction of the road was let, and and a sale of six thousand dollars of bonds was ordered; that this order was made before the board had made its final order for the construction of the road; that in the circuit court a trial was had, and the court found that the order for the construction of the gravel road, and all subsequent proceedings thereunder, were void and of no effect, for the reason that a majority of all the resident land-owners and a majority of all the acres of land that had been assessed and that had been adjudged to have been benefited by the construction of said road had not subscribed the petition for said improvement to be made, and the order and proceedings were annulled by the court and declared to be void, and ordered set aside and and held for naught as to the persons appealing; that the assessments against the lands of each of them were void and of no effect, and that said proceedings for the construction of said Thorntown and Reese Mills free gravel road were void and without authority of law.

It is also alleged that the petitition for the construction of the gravel road had not been, in fact, subscribed by a majority of the acres assessed.

Appellant insists that the allegation incorporated into this paragraph, that the court adjudged that "the proceedings authorizing the construction" of the road "were void, and without authority of law," brings the case within the rule declared in *Fleener* v. *Claman, Treas.*, 112 Ind. 288.

Inasmuch as the complaint is not set out in the opinion cited and relied upon, we are not able to state whether it is analogous to the case under consideration, in which the complaint shows that the board had acquired complete jurisdiction of the persons and subject-matter before acting in the proceedings complained of. If the opinion there expressed is as expansive as appel-

lant contends, and is to guide us, it would logically follow that the court below erred in sustaining the demurrer to this paragraph of the complaint, but, if so construed, it would be out of line with all previous utterances of this court, and with all subsequent decisions, where the same, or similar, questions have been presented, and we would have to hold it modified so as to conform to other rulings.

The theory of the appellant, as it appears in this paragraph, is that six freeholders, other than the appellant, having appealed to the circuit court from the order establishing the road, and said court having found that the petition was not signed by a majority of the resident land-owners, and was not represented by a majority of the acres, and that the order was void, no rights could be founded upon it, and all subsequent proceedings, as to all parties affected, were invalid for want of jurisdiction.

We can not give our assent to so broad a contention. This being a collateral attack, the appellant, in order to succeed, must show that the proceedings of the board, in making the assessments, are *coram non judice.* This is elementary.

In *Strieb* v. *Cox, Treas.,* 111 Ind. 299 (304), the court said: ''Under the averments of the third paragraph of appellees' joint answer, the Board of Commissioners of Grant county had full and complete jurisdiction of the free gravel road described in the petition, mentioned in such paragraph of the answer. The presentation of this petition to such board   *   *   *   as stated   *   *   * called into exercise its jurisdiction, and required such board to determine as to the sufficiency of such petition, both in form and substance, whether or not it was signed by the requisite number of land-holders, whose lands would be assessed for the cost of the proposed improve-

ment, and every other fact, precedent or concurrent, necessary to the granting of the prayer of such petition. It was shown, also, by the averments of such third paragraph  *  *  *  that proper notices were given, as required by the statute, and appellant had personal knowledge  *  *  *  of the pendency of such petition and of all the proceedings and orders of the county board had thereon; that he appeared before the board and remonstrated against and resisted such proceedings and orders; that the assessments on his lands, whereof he complains in this action, were confirmed by the county board over his written remonstrances, and that he failed to appeal from such proceedings, orders and assessments within the time allowed by law. Upon this showing made by appellees  *  *  *  we are of opinion that the assessments on appellant's real estate, for the construction of the free gravel road named  *  *  *  are valid, binding and conclusive, and can not be impeached collaterally.''

The court below had jurisdiction of both the subject-matter and the appellant, under the provisions of sections 5091 and 5092, R. S. 1881.

If the court made any mistakes that affected the appellant, he waived them in not following up his objections to the circuit court. *Little* v. *Thompson,* 24 Ind. 146; *Green* v. *Elliott,* 86 Ind. 53; *Ely* v. *Board, etc.,* 112 Ind. 361; *Osborn* v. *Sutton,* 108 Ind. 443.

In the last named case, the court said: ''The objection that the petition was not subscribed by the requisite number of freeholders, can not be successfully made after the board  *  *  *  has adjudicated that question. It was adjudicated in this case after notice to the appellants, and it was too late to present the objection that there was not a sufficient number of qualified petition-

ers, after the report of the viewers had been approved and the committee appointed."

In *Jackson* v. *State, for Use*, 104 Ind. 516, the court adopted the following language: "It is a well settled principle, that where the jurisdiction of an inferior court depends upon a fact which such court is required to ascertain and settle, by its decision, such decision is conclusive." We also cite *Evansville, etc., R. R. Co.* v. *City of Evansville*, 15 Ind. 395; *Board, etc.*, v. *Markle*, 46 Ind. 96.

In the latter case, on page 110, the court say: "The right to hear and determine these questions is jurisdiction. The power to hear and determine a cause is jurisdiction," etc. The allegation that others appealed and were relieved of their assessments, and that the court vacated and annulled the proceedings, does not aid the appellant, who failed to avail himself of his remedy.

This court said, in *Stipp* v. *Claman, Treas.*, 123 Ind. 532 (537): "It may be that the appeal here had the effect to vacate the order of the board as to those who appealed, but we do not think it had that effect as to the other parties who were willing to abide by such orders, and did not participate in such appeal. The act providing for the construction of free turnpike roads contemplates that the assessments against the land to be benefited by such improvement shall be several and not joint; and, hence, it is provided in said act that no person shall be permitted to take advantage of any error in any proceeding to lay out, construct, or improve any road under and by virtue of that act, nor of any error committed by the county commissioners or county auditor, or, by the engineer or surveyor, or other person or persons in the proceeding to lay out, construct, or improve any such road, nor of any informality, error or defect, appearing in the record of such proceeding, unless the party complaining is affected

thereby. How are the parties who did not appeal from the order of the board affected by the action of such board during the pendency of the appeal? It neither increased nor diminished their assessments. Their burdens are the same as if the board had suspended action until the appeal was terminated, and as they are not affected thereby they can not, under the express terms of the statute, be permitted to take advantage of the error of the board in acting, pending such appeal, if it were error to act.''

In *Anderson* v. *Claman, Treas.*, 123 Ind. 471 (473), to restrain the collection of an assessment for the construction of a free gravel road, it is said: ''By the allegations of the complaint it only appears that two persons appealed from the order of the board. It has been held by this court that an appeal taken by two persons, as in this case, would not affect the jurisdiction of the board or the validity of the proceedings as to those not appealing,'' and in *Fleener* v. *Claman, Treas.*, 126 Ind. 166, a case similar to this, it is again said, ''The appeal vacated the order of the board as to the parties appealing, but it did not vacate it as to those who were content with such order, and were willing to abide by its terms. As to them it remained in full force.'' This question is no longer an open one in this State.

The second paragraph of the complaint is somewhat different in its averments. It also seeks to restrain the collection of the cost of construction of the road apportioned to appellant's lands, for the reason, that he was aggrieved by the assessment of his damages by the viewers, and demanded to have the same assessed by a jury, as provided for by section 5093, R. S. 1881; that the assessment was so made, and they found his damages to be $900; that the board set aside the verdict of the jury

upon remonstrance being filed, and suffered another set of jurors to be appointed, who, without right, returned a verdict fixing his damages at $475 instead of $900, as found by the first jury. Appellant contends that nowhere is the board given the power to set aside the verdict of the jury provided for by said section. He also argues, that if the second verdict is in force he is still in as good position relative to the apportionment of cost as if the first verdict had not been disturbed, because the verdict represents the amount due him after all the benefits to the land had been deducted; that it is presumed that when the second jury went out to consider the matter, they first assessed the benefits and then the damages, struck a balance, and that balance falling on the side of damages, returned a verdict for such remainder as damages, and that being true, the matter of benefits was thereby settled, and the committee to apportion benefits had no power to assess any of his land for cost or expenses. It is sufficient to say, with reference to this objection, that the board has inherent and ample power to adjust grievances. Section 5096, R. S. 1881, provides that, "The commissioners, when any such improvement shall be ordered, shall immediately appoint three disinterested free-holders of the county, who shall, upon actual view of the premises, apportion the estimated expense of said improvement upon the real property embraced in the aforesaid order, according to the benefit to be derived therefrom, and report the same to the county auditor. * * * When the report of said committee shall be returned, the county auditor shall give notice of it by publication in some newspaper published and of general circulation in said county, and shall also give notice, for at least three consecutive weeks, of the time

when the commissioners will meet at the county auditor's office to hear the same.

"On the day named in said notice, the commissioners shall meet, and if no exceptions have been filed to said report, they shall confirm the same; but if exceptions, in writing, have been filed by any of the owners of the land affected thereby, they shall first proceed to hear such exceptions, and for that purpose shall hear any testimony that shall be offered by any party interested. * * * After such hearing, they may either confirm said report, or change the same, or refer the same to a new committee of three disinterested freeholders. In the case last named, of a reference, the new committee shall, upon actual view of the premises, make their report of a new apportionment, or they may recommend the confirmation of the former report. And upon the return of their report to the county auditor, the same proceeding shall be had as upon the return of the first report, except that there shall not be a reference to another committee. The final action of the commissioners shall be entered upon their records, together with the report as confirmed, showing how the estimated expense has been apportioned upon the land ordered to be assessed as aforesaid. The county auditor, before placing the said assessment upon the duplicate, shall reduce or add to the same *pro rata*, the amount the actual expense shall be found to be, more or less than the said estimate."

The second paragraph contains no allegation that the judgment apportioning cost to plaintiff was ever appealed from, reversed, or set aside, or that the order of the board was ever annulled. The appellant slept on his rights in not prosecuting an appeal, and the judgment is impervious to a collateral attack.

"When the proceedings are not void, a suit for an injunction can not be maintained, no matter how errone-

ous the proceeding may be." *Caldwell* v. *Curry, Treas.,* 93 Ind. 363; *Smith* v. *Clifford,* 99 Ind. 113.

We find no substantial error in the record.

Judgment affirmed.

Filed Nov. 8, 1893.