# Forbus *v.* The State.

*Shooting Along or Across Public Road.*

(Decided Feb. 4th, 1909.  48 South. 592.)

1. *Courts; Terms; Adjournment.*—Under the common law the failure of the judge to appear at the date fixed for the opening of the court resulted in a lapse of the term; and our statute, if it applies to county courts, operates to adjourn the term if the judge fails for three days to be present at the opening, at 3 p. m. of the third day. (Sec. 922, Code 1896; 3260 Code 1907.)

2. *Same; County Court.*—A delay of two weeks in the organization of the Clay county court resulted to adjourn that term of the court, and the grand jury organized thereunder was unauthorized, and indictments returned by it null and void. (Construing Acts 1898-99. Local, page 176, as amended by Local Atcs 1900-01, p. 2085.)

3. *Courts; Terms; Recess.*—Unless organized at the time fixed for the regular term, a court having fixed regular terms, cannot recess from time to time, although having the power to recess from time to time during the term.

APPEAL from Clay County Court.
Heard before Hon. W. J. PEARCE.

Ed. Forbus, was convicted of shooting along or across a public road, and he appeals. The facts as to the organization of the court and grand jury that returned the indictment, sufficiently appear from the opinion. Reversed and prisoner discharged.

WHATLEY & CORNELIUS, for appellant. By not appearing for three days at the beginning of the term, the.court was adjourned by operation law and the grand jury which returned this bill was not authorized by law and the indictment is null and void.—Local Acts 1898-9, p. 176;.Sec. 922, Code 1896; 21 Ency P..& P. p. 637; 24 Cal. 17; 210; 127 Ind. 422; 52 Kan. 29; 48 Neb. 312; *Ex parte Branche & Co.,* 63 Ala. 383; 4 A. & E. 11 Cyc. 736; *Williams v. The State,* 67 Ala. 186; *Jack-*Ency of Law, 447; 8 Ib. 312; 79 Ind. 376; 18 Mo. 570; *son v. The State,* 102 Ala. 76; *Walker's Case,* 139 Ala. 56; *Norwood v. L. & N.,* 42 South. 683; 20 Cyc. 1294.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. Counsel insist that section 6 of the act creating the county court, renders it unnecessary for the judge to convene the court until there is some business to be transacted, and that it provides for a recess from time to time during the terms of said court, and that, therefore, it was not necessary that the court should have been open on a particluar day.

SIMPSON, J.—The appellant was convicted of the offense of shooting along or across a public road. It is insisted that the organization of the court at which the indictment was found, and the organization of the grand jury which found it, are void, and that the indictment is therefore void. This point was raised in the

court below by motion to quash the indictment, by demurrer to the same, and by objection to being upon trial on said indictment.

The county court of Clay county was established by act approved December 13, 1898 (Loc. Acts 1898-99, p. 176). Section 6 of said act provides that the regular terms of said court shall begin "on the first Monday in March, in each year, and continuing till the last Saturday in July, and on the first Monday in September, in each year, and continuing until the last Saturday in January;" also that "said court may take a recess from time to time, during the terms thereof, when the business will permit" (page 178). Section 11 as amended by the act of March 2, 1901 (Acts 1900-01, p. 2085), provides that "there shall be two jury terms in said court in each year, * * * one to commence on the second Monday in January, and one on the second Monday in July, and may continue till the business of the court, on the jury docket, shall have been disposed of, and that grand and petit juries for the trial of causes in said court shall be drawn by the judge and clerk of said court," etc., "provided that grand juries shall be summoned to attend said court on the second Monday in June and December in each year, when they shall be organized and impaneled, and may continue," etc. It appears from the record that the court was organized, or attempted to be organized, on September 17, 1906 (the first Monday in September being the 3d), and that the grand jury was organized in December, 1906.

At common law, if the judge fails to appear on the date fixed by law for the opening of the term, it results in a lapse of the term.—11 Cyc. 736; 21 Ency. Pl. & Pr. 637; *People v. Bradwell,* 2 Cow. (N. Y.) 445; *People v. Sanshez,* 24 Cal. 17; *Loesnitz v. Seellinger,* 127 Ind. 422, 427, 25 N. E. 1037, 26 N. E. 887; *In re Terrill,* 52 Kan.

29, 34 Pac. 457, 39 Am. St. Rep. 327. Our statute—section 922, Code of 1896; section 3260, Code of 1907—was evidently passed for the purpose of relieving the strictness of the common law; but, even if that section applies to the county court of Clay county, that court would have stood adjourned for the term on the third day.— *Norwood v. L. & N. R. R. Co.,* 149 Ala. 151, 42 South. 683.

The court could not take a recess until after it was organized. The act provides that said grand juries shall be "summoned to attend the court." It is difficult to see how they could attend the court, when there was no court in session, and no authority is given by the act to the judge to organize the grand jury in vacation, unless the latter clause of the same section be construed to authorize the judge in vacation to organize the grand jury only for the consideration of the special offenses therein specified.

The grand jury which found this indictment, having been organized without authority of law, was void, and the indictment void.

The judgment of the court is reversed, and the appellant will be discharged.

TYSON, C. J., and DENSON and MAYFIELD, JJ., concur.