THE STATE ex rel. POSEY vs. THE SUPERVISORS OF CRAWFORD COUNTY.

CONSTRUCTION OF OFFICIAL RECORDS. *(1) General rule of construction. Presumption as to records, where authority appears. (2) Effect of resolution that a certain order be entered on the journal. (3) Record as to presence and votes of members, construed.*

1. In passing judicially upon official records, where authority appears or is implied by law, they will be construed according to their intent, and it will be assumed that the proceedings were rightly had, in the absence of all suggestion in the record to the contrary.
2. Where a board of supervisors resolved that an order be entered on its journal purporting that the board ordered and determined "as follows:" *Held,* that the board, *ipso facto,* ordered and determined what followed.
3. The record of the proceedings of such a board contains this entry, as of a specified date: "Board met pursuant to adjournment. Roll called by clerk. Members all present;" and then states that a certain resolution was offered by a person named, and was passed, "all members voting in the affirmative but one." *Held,* that this record imports that the vote was by a full board, all the members except one voting for the resolution; and the court cannot intend facts inconsistent with it for the purpose of making it bad.

The State ex rel. Posey vs. The Supervisors of Crawford County.

APPEAL from the Circuit Court for *Crawford* County.

On the relator's petition, said circuit court made an order requiring the *Board of Supervisors of Crawford County* to show cause why a peremptory writ of *mandamus* should not issue against them, requiring them to admit the relator as a member of said board, and permit him to participate in its proceedings. The ground upon which the relator prayed for the writ was, that at the annual town meeting of the town of Union in said county, held on the 6th of April, 1875, he was duly elected chairman of the board of supervisors of said town; that he had duly qualified as such chairman; that as such he was by law a member of the county board of supervisors; and that the board, at its next meeting thereafter, refused to recognize him as such. The respondents made return to the order, in substance, that the town of Union had been vacated and annexed to the town of Marietta by an order of the county board of supervisors duly made and entered on the 19th of September, 1874, and duly published; and that it had ever since remained a part of the said town of Marietta.

The only question presented by the record is as to the legal construction of the record of certain proceedings of said board of county supervisors, of which a certified copy was put in evidence, as follows: "Copy of the proceedings of the county board of supervisors of Crawford county, at the annual session, November, 1874. Proceedings of November 19.

"Nov. 19. — Afternoon session. — Board met pursuant to adjournment; roll called by clerk; members all present. Mr. Folsom offered the following resolution in relation to the annexation of the towns of Union and Marietta, which was passed, all members voting in the affirmative but one.

"*Resolved*, That the resolution adopted by this board Nov. 17, 1874, consolidating the towns of Union and Marietta, being informal and not in the form required by the statute, be expunged from the journal, and the following order be spread on the journal at length:

The State ex rel. Posey vs. The Supervisors of Crawford County.

"'The board of supervisors of the county of Crawford do order and determine as follows:

"'1. That the town of Union in said county be, and the same is hereby, vacated.

"'2. That all that part of the territory of the county of Crawford heretofore and now comprising the town of Union be and the same is hereby attached to, and shall hereafter be attached to and made a part of the town of Marietta, in said county, for all political purposes whatever.

"'3. All the books, papers and property heretofore belonging to the town of Union, shall hereafter belong to and be delivered over to the town of Marietta.

"'4. All moneys, orders and vouchers in the hands of or under the control of the town treasurer of the town of Union, shall be delivered over by the treasurer of said town to the treasurer of the town of Marietta.

"'5. That the next town meeting of the said town of Marietta be held at Millet's school house, in said town.

"'6. That this order shall take effect and be in force from and after the first Monday in April, A. D. 1875.

"'7. That this order be published in the Courier and Prairie du Chien Union.

"'Done at Prairie du Chien by the county board, this 19th day of November, 1874.'"

The court held that the town of Union had been vacated by the proceedings above recited, and rendered judgment against the relator, from which he appealed.*

The cause was submitted on briefs.

*Thomas & Webster*, for appellant:

1. The adoption of a resolution to spread on the journal of the board an order to vacate a town does not adopt the order, but merely authorizes it to be spread upon the journal. The

---

* Subd. 1, sec. 28, ch, 13, R. S., provides that "no town shall be vacated unless a majority of the votes of all the members of the board shall so decide."

vote is upon the resolution, and not upon the order. When an act or order is proposed to a legislative body, about which there is a difference of opinion, it is very common to have it spread upon the journal, so that all may see it and have a better opportunity to consider it; and a vote for that purpose is not construed as one for the adoption of the act or order. 2. The record does not show that all the members of the board were present *at the time of the passage of the resolution*, nor that a majority of *all the members of the board* voted in its favor. The calling and recording of the names and votes of the members would show that fact, if it were a fact. The statement made in the record here is a mere statement of the opinion of the clerk. If all the members of the board were present at the opening of the afternoon session, some of them may have been out of the room when the vote was taken, and only a majority of those then present may have voted in the affirmative.

*George C. Hazelton*, for respondent:

The order vacating the town of Union being in due form of law, and being a material part of the resolution adopted, the passage of the resolution by the votes of a majority of all the members of the board, carried with it the order. The act of the board being one of a legislative character, all presumptions are to be indulged in favor of its regularity; and those who would impeach it have the burden of disproving a compliance with the conditions imposed by law upon the exercise of the power. In this case no such proof is attempted. *The People v. Carpenter*, 24 N. Y., 87. The maxim of the common law applies to the case: "*Omnia præsumunter solenniter esse acta.*" Broom's Leg. Max., 729.

RYAN, C. J. There is an inherent infirmity in the use of language; and therefore it is judicial duty to give it construction, *ut res magis valeat quam pereat*. The records of official action are subject to this common infirmity; and therefore in

passing judicially upon them, when authority appears or is implied by law, *omnia præsumunter rite acta, donec probetur in contrarium.* We must construe these proceedings according to their intent, and assume that they were rightfully had, in the absence of all suggestion in the record to the contrary.

When a public body resolves that an order purporting to be its own, and within its authority, shall be spread upon its journal, without limitation or qualification, it must be held to adopt the order. When the board of supervisors resolved that an order be entered in its journal, purporting that the board ordered and determined as follows, it *ipso facto* ordered and determined what followed. And when it appears in the record of the proceedings that there were "members all present," and that the resolution passed, "all members voting in the affirmative but one," the record imports that the vote was by a full board, all the members excepting one voting for the resolution. "Every string ought to give his sound." 3 Buls., 103. That is the record; "and the court cannot intend facts inconsistent with it, for the purpose of making it bad." 1 Dougl., 159.

*By the Court.* — The judgment of the court below is affirmed.