FREDERICK HENKLEMAN *et al.*

*v.*

JOHN L. PETERSON *et al.*

*Filed at Ottawa January 15, 1895.*

1. CONTRACTS—*when equity will correct omission of seal.* The omission of a necessary seal from an agreement which, by its terms, purports to be a sealed instrument, is a mistake apparent upon the face of the instrument, which a court of chancery will correct.

2. SURETIES—*a bond may be corrected, as against sureties.* An injunction bond purporting, by its terms, to be a sealed instrument, may be corrected, *as against sureties,* by adding seals to their signatures, omitted by mistake, and should be so corrected where its recitals show that it was the intent of the parties that it should be sealed and made sufficient. *Trustees of Schools* v. *Otis,* 85 Ill. 179, overruled.

*Henkleman* v. *Peterson,* 50 Ill. App. 601, reversed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

On the 13th day of December, 1890, Henkleman, Jackson & Vocke recovered a judgment against the Brabrook Tailoring Company, a corporation, for the sum of $6640.08, Kinsey & Callinan recovered on the same date, against the same defendant, for the sum of $2795.23, and William R. Roe, at same date and against the same defendant, recovered a judgment for the sum of $8878.42. These judgments were recovered in the circuit court of Cook county, and executions issued and were placed in the hands of the sheriff of Cook county, who levied the same on the property of the debtor and advertised a sale thereof. Other judgments were obtained against the same defendant by other creditors.

On December 27, 1890, John L. Peterson filed his bill in the circuit court of Cook county to wind up the business of the Brabrook Tailoring Company and to set aside certain judgments, including those named, and prevent

the collection thereof, alleging they were obtained by a conspiracy between the officers and agents of the company and the judgment creditors, and were unlawful as preferences over other creditors, and praying for an injunction to restrain the sheriff from paying to the execution creditors the proceeds of sale of the property. An injunction was issued as prayed for, and a bond, in the sum of $500, required and given. A motion was entered to dissolve the injunction, and whilst it was pending the court ordered the complainant in that bill to execute an injunction bond in the sum of $5000, which was executed by him, with William A. Stanton and Elbridge G. Keith as sureties. Stanton had been the surety on the first bond. Both bonds were on printed forms, and to the signatures of the signers seals were attached. Objection being made to the terms of the latter bond, as being insufficient, the court ordered a new bond to be given in the sum of $5000, which was prepared by counsel for the defendants to that bill and delivered to the attorney for the complainant, who procured the signatures to the same of the complainant, Peterson, and also Stanton and Keith as sureties, but each of the signers thereto omitted his seal therefrom. That bond was filed and approved by the clerk, and complainant got an order for leave to withdraw and cancel the two former bonds, which was done. The bond last executed is as follows:

"*Know all men by these presents*, That we, John L. Peterson, as principal, and W. A. Stanton and Elbridge G. Keith, as sureties, all of the county of Cook and State of Illinois, are held and firmly bound unto Frederick Henkleman, Arthur H. Jackson and Harry S. Vocke, composing and as the firm of Henkleman, Jackson & Co.; Frank Kinsey and Thomas J. Callinan, composing and as the firm Kinsey & Callinan; Ernest Poquet and Henry Pfeiffer, composing and as the firm of E. Poquet & Co.; William H. Talbot, Henry D. Wilmarth, Charles W. Wilkins, George P. Wheaton and Newton Sturtevant, compos-

ing and as the firm of Talbot, Wilmarth & Co.; William
B. Roe, James H. Gilbert and the Brabrook Tailoring
Company, jointly and severally, in the sum of $5000, to
be paid to the said obligees above named, jointly and
severally, their successors, executors, administrators or
assigns, for which payment, well and truly to be made,
we bind ourselves, jointly and severally, and our and
each of our respective heirs, executors and administra-
tors, firmly by these presents.

"Sealed with our seals and dated this eighth day of
January, A. D. 1891.

"Whereas, the above bounden John L. Peterson has
filed his bill of complaint in the circuit court of Cook
county and State of Illinois, against the above named
obligees, impleaded with other defendants therein named,
praying, among other things, for an injunction to restrain
the said James H. Gilbert, as sheriff of Cook county, from
paying the proceeds of the sale of the property of the
Brabrook Tailoring Company in satisfaction of certain
writs of *fieri facias* on certain judgments against said
company in said bill mentioned, to the plaintiffs therein
named, their agents or attorneys, and to restrain the
said Brabrook Tailoring Company from taking any steps
or interfering in any way with certain judgments by con-
fession against the said company in said bill mentioned,
and to restrain the other obligees above named from col-
lecting the accounts of said Brabrook Tailoring Company,
and from removing the books of accounts of said com-
pany out of the city of Chicago; and whereas, said court
heretofore allowed an injunction for that purpose, accord-
ing to the prayer of said bill, upon the said John L. Peter-
son giving a bond in the sum of $500, with security as
provided by law, and afterwards, upon its being repre-
sented to the court, by counsel for certain of said defend-
ants, that the bond filed herein on the issuing of said
injunction was for an insufficient amount and worthless
in form, the court, in consideration of the continuance of

said injunction until the hearing and determination of a motion to dissolve the same, and until the further order of the court, required the said complainant to file a new bond in the penal sum of $5000, properly conditioned, for the due protection of said obligees.

"Now, therefore, the condition of the above obligation is such, that if the above bounden John L. Peterson, his executors or administrators, or any of them, shall and do well and truly pay, or cause to be paid, to the said obligees above named, their successors, executors, administrators or assigns, jointly and severally, all damages which have heretofore been or hereafter may be sustained by the said defendants above named, or any of them, by reason of the wrongful issuing of such injunction, and also all such costs and damages as shall be awarded against the said complainant in case the said injunction shall be dissolved, then the above obligations to be void, otherwise to be and remain in full force and virtue.

JOHN L. PETERSON,

W. A. STANTON,

ELBRIDGE G. KEITH.

"Sealed and delivered in presence of Samuel V. A. White.

"Approved.—HENRY BEST, *Clerk.*"

Whilst the motion to dissolve the injunction was pending, certain of the defendants sued out an appeal to the Appellate Court for the First District from the order of the circuit court granting an injunction, which resulted in a reversal of the order, and subsequently a demurrer to the bill was sustained in the circuit court and leave granted to amend the bill. Suits were brought on the instrument above set forth as an injunction bond, and demurrers interposed by Stanton and Keith, which were sustained, and by leave of court the plaintiffs dismissed those suits. Certain of the judgment and execution creditors who were defendants to the bill for injunction, there-

upon filed in the Superior Court of Cook county their bill
setting up the foregoing facts, and alleging the signers
of the bond, by mistake, oversight and inadvertence,
omitted to affix their seals or scrawls, and prayed a ref-
ormation of the instrument to that extent, and for relief.
Defendant Peterson demurred to the bill, which was over-
ruled, and he elected to stand by his demurrer.   The de-
fendants Stanton and Keith answered, not under oath,
(that being waived,) denying most of the allegations of
the bill, and averring that it was not a mistake of theirs
to affix their seals to the said instrument, and that they
were not paid or received any consideration for so doing.
On final hearing this bill to reform the bond by attach-
ing the seals thereto was dismissed for want of equity,
and on appeal to the Appellate Court that decree was
affirmed, and the complainants in said bill bring the
record to this court and assign as error the affirming of
that decree.

TENNEY, CHURCH & COFFEEN, for plaintiffs in error.

JAMES A. PETERSON, for defendants in error.

PHILLIPS, J.: The jurisdiction of a court of chancery
to so correct mistakes in contracts and agreements as to
make them express the actual intent of the parties is one
of the ancient and well-established heads of the jurisdic-
tion of that court.   Where, through mistake or oversight
in the execution of an agreement, a seal necessary to its
validity is omitted therefrom, but the instrument pur-
ports, on its face, to be a sealed instrument, it will, ordi-
narily, itself furnish the evidence showing the oversight
or mistake, and a court of chancery will correct it. (*Town
of Colchester* v. *Culver et al.* 29 Vt. 111; *Wadeworth* v. *Wendell
et al.* 5 Johns. Ch. 224; *Probate Court et al.* v. *May et al.* 52
Vt. 182 ; *Michael et al.* v. *Tinsley,* 69 Mo. 442 ; *Allen* v. *Elder
& Son,* 76 Ga. 674; *Bernard Township* v. *Stebbins,* 109 U. S.
341; *Love* v. *Sierra Nevada Lake Water and Mining Co.* 32

Cal. 639.) By the great weight of authority this juris-
diction of courts of equity may be invoked for the correc-
tion of omissions, by oversight and mistake, in official
bonds, and where the evidence is clear of a mistake or
omission whereby the instrument fails to conform to the
intention of the parties, it will be reformed, even as
against sureties. This principle has been sustained in a
long line of cases with a very great degree of uniformity.
It arose as early as 1815, in *Wiser* v. *Blanchly et al.* 1 Johns.
Ch. 437, where a guardian's bond was taken in the name
of the People instead of in the name of the infant, and
it was held by New York's great chancellor: "Whether
the surety is to be holden though the bond was taken in
the name of the People instead of in the name of the
infant, I have no difficulty in saying that it is within the
ordinary jurisdiction of this court to correct such a mis-
take by holding the party according to his original inten-
tion, and to consider the bond as taken to the infant.
Where the intention is manifest this court will always
relieve against mistakes.   *   *   *   The court will do it
in the case of a surety."

*Inhabitants of the Town of Montville* v. *Haughton et al.*
7 Conn. 543, was a case where Haughton was appointed
collector of taxes, and the selectmen required of him a
bond, with surety, that he would faithfully collect and
pay over, etc. Haughton, as principal, with one Thomp-
son as surety, executed a bond in the sum of $2000, with
a condition, etc. The bond was signed but no seal at-
tached, but was attested as "signed, sealed and delivered
in the presence of." The court held: "It is found by the
court that the seal was omitted in this case by mere mis-
take and accident. If the plaintiffs might sue on this
agreement at law, it does not follow that they may not
have relief in a court of equity. The plaintiffs are enti-
tled to a bond, the consideration of which can not be in-
quired into at law," and held that the correction should
be made.

In *Olmsted* v. *Olmsted*, 38 Conn. 309, a joint bond had been executed and the surety had died, whereby his estate was discharged at law. A correction was sought to make the bond several, and it was held : "Where the contract does not express the agreement or intention of the parties, to the injury of the obligee, and that is clearly made to appear, equity will reform the instrument, as well against sureties as principals."

In *United States* v. *Cushman*, 2 Sumn. 434, Judge STORY held : "This is not a case where the plaintiff seeks to have a bond, or other contract joint in its form, reformed, so as to make it joint and several against a surety, living or dead. In such a case a court of equity will not interfere unless there is the most plenary evidence to establish the fact that it was the intention of all the parties that it should be several as well as joint. But if such an intention is clearly established, courts of equity will enforce that intention when there has been an omission to express it, by accident or mistake or fraud, as well against sureties as against the principal debtor. Under such circumstances there is no distinction between the case of sureties and that of principals, for it is a mere specific performance of the original contract as understood by all the parties."

In *Bernard Township* v. *Stebbins*, *supra*, bonds of a township were issued, signed by commissioners and sold for value, but by mistake the seals were omitted therefrom, and reformation was had. In *Probate Court et al.* v. *May et al. supra*, a bill was filed to correct an administrator's bond by affixing seals omitted through accident or mistake, and the correction was ordered. In *Town of Rutland* v. *Paige et al.* 24 Vt. 181, seals were omitted from a constable's bond by the sureties. They admitted it was intended at the time that seals should be attached, but insisted they should be indemnified, and a correction was ordered.

The principle that courts of equity may reform instruments against sureties as well as principals has been declared in *Prior* v. *Williams,* 3 Abb. Dec. 624; *Huson* v. *Pittman,* 2 Hayw. 504; *Clute* v. *Kneis,* 102 N. Y. 377; *Armistead* v. *Bogman,* 1 Ired. Eq. 117; *Neininger et al.* v. *State,* 50 Ohio St.394; *Smith* v. *Allen,* 1 N. J. Eq. 55 ; *Butler* v. *Durham,* 3 Ired. 589 ; *Sikes* v. *Truitt,* 4 Jones' Eq. 361; *State* v. *Franks,* 51 Mo. 98.

The principle as to the reformation of an instrument against a surety, so as to make it express the intention of the parties, is declared in this State in *Edwards* v. *Schoeneman,* 104 Ill. 278, where a married woman executed a mortgage, with her husband, on her own separate estate, which mortgage was to secure a debt of the husband, and, the description being uncertain, it was held that it might be corrected and the mortgage foreclosed.   This case last cited is in irreconcilable conflict, in principle, with what is held in *Trustees of Schools* v. *Otis et al.* 85 Ill. 179.   In principle we can see no difference in the reformation of an instrument to make it express the intention of the parties, whether a surety is a party to it or not.   The consideration that extends to the principal also extends to the surety.   The rights of the obligee are the same as to each, and each owes him the same duty.   The bond in this case, with the evidence in the record, clearly shows it was intended to be sealed and made a sufficient bond. Its recitals carry conviction that such was the intent. Neither ignorance of fact nor of law could be relied on to show the contrary, and to declare an intent not to seal the same would be a declaration of an intended fraud. In such condition of the record the court should have decreed a reformation of the instrument.

The principle announced in *Edwards* v. *Schoeneman,* *supra,* is more in accord with the weight of authority than is *Trustees of Schools* v. *Otis et al.,* and based on the better reasoning, and the latter case, so far as it is inconsistent with what is here stated, must be considered overruled.

On other questions raised, as to the right to damages under the bond if corrected, we will express no opinion. The complainants have a right to have a bond as indemnity, such as is provided by law, and although they may sue on the contract as one of indemnity, that is no answer to their right to have the bond, with its advantages, as provided by the statute.

The Superior Court erred in dismissing the bill, and the Appellate Court erred in affirming the decree. The judgment of the Appellate Court for the First District and the decree of the Superior Court of Cook county are reversed, and the cause is remanded.

*Reversed and remanded.*