THE PEOPLE *ex rel.* J. E. George, County Collector, Appellant, *vs.* J. C. PHINNEY, Appellee.

*Opinion filed December 17, 1907.*

1. TRIAL—*objection that papers bear the file-mark of "county clerk" must be specific.* An objection that a paper filed in an application for judgment and order of sale for a special assessment bears the file-mark of the county clerk instead of the clerk of the county court is one which may be obviated by amendment, and unless the objection is included in the other specific grounds of the motion to strike the paper from the files it will not be considered by the Supreme Court.

2. SAME—*what is not ground for striking objections from files.* Property owners are not required to sign objections to an application for judgment and order of sale, and the facts that they have not signed the objections, and that the attorneys appearing have attached to the objections a list of the property for which they object and the names of the owners whom they represent, are not grounds for striking the objections from the files.

3. SAME—*withdrawal of evidence after case is taken under advisement rests with the court.* Whether a party shall be permitted, after a case is taken under advisement, to withdraw evidence offered and received in his behalf is a matter resting in the discretion of the court, notwithstanding the adverse party objected to its admission; and if the evidence is competent and the application to withdraw the same is unseasonable the refusal of the court to allow its withdrawal is not an abuse of its discretion, notwithstanding the adverse party changed position and opposed withdrawal.

4. SPECIAL ASSESSMENTS—*what is not equivalent to a finding by court that notices were given.* A finding by the county court, in confirming a special assessment, that all notices and affidavits "have been complied with" is not equivalent to finding that notice to the property owners was given, and is not sufficient to show that any notice not in the record was, in fact, given, even though there is a general finding that the court had jurisdiction of the subject matter and of the parties interested. (*Young* v. *People,* 171 Ill. 299, distinguished.)

5. SAME—*notice to owners is essential to jurisdiction of court to confirm assessment.* It is essential to the jurisdiction of the county court to confirm a special assessment that the property owners be given notice and afforded an opportunity to be heard before confirmation.

APPEAL from the County Court of Christian county; the Hon. J. H. MORGAN, Judge, presiding.

LESLIE J. TAYLOR, City Attorney, and ARTHUR YOCKEY, (R. C. NEFF, State's Attorney, and JAMES M. TAYLOR, of counsel,) for appellant.

HOGAN & WALLACE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the application of the county collector of Christian county for judgment against certain lots of appellee in the city of Taylorville for an unpaid supplemental special assessment for surface drainage and for an order of sale the appellee appeared and filed objections. One objection was, that the amount of the assessment being in excess of ten per cent of the original assessment, the proceedings were required by the Local Improvement law to conform to and be the same as though it were an original assessment, and that the law was not complied with. Among the objections under that head was one marked "F," that no notice was given to property owners and there was no op-

portunity to be heard upon the assessment roll. The court sustained that particular objection and refused judgment, and this appeal followed.

The first ruling of the court which is complained of is the denial of a motion to strike the objections from the files. One ground of the motion as stated here is, that the objections were filed by "H. J. Burke, county clerk," and not by him as clerk of the county court. We have held under a statute which required a paper to be filed as a part of the records of the county court, that an endorsement by the county clerk having charge of two separate sets of records is not sufficient, in itself, to show that the paper was filed among the records of the county court. (*McChesney* v. *People,* 174 Ill. 46.) We did not overlook the fact that the law governing the construction of statutes provides that when the words "county clerk" are used in a statute they shall be held to include the clerk of the county court, but in that case, and other cases following it, the question involved was in what capacity the officer was acting. In those cases the objection was specific, and if it would have had any force in this case the objection now made was not pointed out. Two specific grounds of the motion to strike the objections from the files were mentioned and the one now urged was not mentioned, and as the objection might have been obviated it will not now be considered. One specific objection was, that the attorneys appearing for appellee had filed a large number of objections and attached to them a list of property assessed and owners, and had the case docketed as one case. The attorneys filed the objections, stating that they appeared for the objectors, and attached a list of property for which they objected and the owners whom they represented. There is no objection to that practice that we know of. Another objection pointed out was, that the objections were not signed by the owners, and that is not necessary. The court did not err in refusing to strike the objections from the files.

After the evidence had been closed and the case taken under advisement by the court, the attorneys for the collector sought to withdraw evidence offered and received in his behalf, and the court refused to permit such withdrawal. On the trial, after offering the evidence required by the statute, which made a *prima facie* case, the attorneys for the collector proceeded to offer in evidence the petition of the city of Taylorville for the supplemental special assessment, the order of the court for the assessment, the judgment confirming it and the return of the delinquent list by the city collector to the county collector. As each item of this evidence was offered the attorneys for appellee objected and their objection was overruled. There was no valid objection to the evidence, and possibly the objections were made merely from a nebulous idea that there might be some possible defect in the proof, or on account of a notion that the proper function of an attorney is to object to anything and everything that his adversary does or offers to do and require a ruling and save an exception. At any rate, when leave was asked to withdraw the evidence the attorneys promptly changed their position, withdrew all objections to the evidence and insisted that it should remain in. The trial was on June 15, 1907, when the cause was taken under advisement, and the leave to withdraw the evidence was asked on June 27, 1907. Counsel who complain of the ruling say they recognize the general rule that when testimony is once admitted it cannot be withdrawn when the party finds that it does not answer his purpose and that the withdrawal is a matter resting in the discretion of the court, but they contend that this case does not fall within that rule because the attorneys for appellee interposed objections to the evidence when offered. They say that if such objections were not made in good faith the attorneys were trifling with the court, and that retaining the evidence resulted in the undoing of the party who offered it, by showing that the court had no jurisdiction to confirm the assessment. So

far as the appellee, whose counsel made the objection, is concerned, there would have been no cause of complaint if the court had allowed the motion, but the allowance or refusal of it rested in the discretion of the court, and the evidence being competent and the motion not seasonably made, we think the discretion was properly exercised.

It is next urged that if the court did not err in refusing permission to withdraw the evidence the court did err in sustaining the objection that there was no jurisdiction to confirm the assessment, for the reason that there was a sufficient recital in the judgment to show jurisdiction. In confirming the assessment the court made a general finding that it had jurisdiction over the subject matter and over the parties interested, and the judgment also contained this finding: "The court finds, from the evidence offered in behalf of the petitioner, that all notices, affidavits, and all other formalities required by law for the making of the said supplemental assessment against the lots, blocks, tracts or parcels of land benefited by the said improvement, have been complied with by the petitioner." One of the attorneys for appellee, who acted for the city of Taylorville at the time the assessment was made and confirmed, voluntarily became a witness and also required the city attorney to testify, and both testified that there was no public hearing, no ordinance and no notice to any property holder of the special assessment or proceeding; but the court struck out that testimony on objection that the information of the attorneys was of a confidential nature, and no cross-error is assigned on that ruling. The finding that the court had jurisdiction of the subject matter and of the parties is not a finding of any fact, but it may be presumed that the court entertained the view of the law that it had jurisdiction or it would not have assumed to decide the case. To find that all notices had been complied with and that affidavits had been complied with is meaningless. In the case of *Young* v. *People,* 171 Ill. 299, the recital could fairly be interpreted as a finding

that the notices required by the statute had been given as therein directed, and the finding in this case could not be given such a meaning by the most liberal construction. The record did not show any notice, and the finding was not sufficient to show that any notice not in the record was in fact given. It is even now contended that notices to the property owners were not required by law, and that the court, in confirming the assessment, followed some decision which appeared to the court to sustain that doctrine. The failure to give notice to the property owners and to afford them an opportunity to be heard before the confirmation of the assessment was fatal to the jurisdiction of the county court, and the court did not err in sustaining the objection.

The judgment of the county court is affirmed.

*Judgment affirmed.*