**The People for use of Rock Island County, Appellee, v. David H. Lyons et al., Appellants.**

**Gen. No. 5585.**

1. EVIDENCE—*when certificate to records not vitiated by clerical error.* If the office of county clerk and that of clerk of the County Court are both held by the same person a certificate to records of the Board of Supervisors signed by such person is not vitiated by the fact that he appends to his signature the designation of clerk of the County Court.

2. PRESUMPTIONS—*as to performance of official duties.* It will

be presumed until the contrary is shown that a public official who signs a certificate attaches the proper seal.

3. COUNTIES—*presumption as to proceedings of county boards.* In passing judicially upon the records of county boards where authority appears or is implied by law such records will be construed according to their intent and yet it will be presumed that the proceedings were rightfully had in the absence of all suggestion in the records to the contrary.

4. COUNTIES—*extent of right to recover upon treasurer's bond.* If the county treasurer retain money which is given into his hands as supervisor of assessments the county may recover the whole sum retained irrespective of the distribution of the funds which subsequently has to be made.

5. REFORMATION—*jurisdiction of chancery.* Where through the mistake or oversight in the execution of an agreement a seal necessary to its validity is omitted therefrom but the instrument purports to be, on its face, a sealed instrument, it will, ordinarily, itself furnish the evidence showing the oversight or mistake and a court of chancery will correct it.

6. FEES AND SALARIES—*when county treasurer not entitled to extra compensation.* If after the term of office and the salary of a county treasurer have been fixed new duties are added to his office without creating a new office, he is not entitled to the extra compensation provided for the performance of such duties.

7. BONDS—*when county treasurer in default. Held,* that under the bond of a county treasurer a recovery could be had against his sureties for sums retained by such county treasurer as extra compensation for services rendered as supervisor of assessments, notwithstanding the duties of supervisor of assessments were added to his office after his bond had been given.

8. INTEREST—*money appropriated by a public officer.* In all cases where a public officer appropriates and converts to his own use moneys which he holds in his official capacity and upon proper demand refuses to pay over the same, such officer and his sureties will be liable on his official bond for the amount of money thus appropriated with interest thereon.

9. DECREES—*jurisdiction to enforce.* A court of chancery always retains jurisdiction to enter such further orders or decrees to the end that complete justice may be done between all the parties necessary to carry into effect the original decree of the court.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

J. T. & S. R. KENWORTHY and J. B. & J. L. OAKLEAF, for appellants.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On September 13, 1902, the board of supervisors of Rock Island county fixed the annual salary of the county treasurer for the term beginning December 1, 1902. Later David H. Lyons was elected treasurer of said county. He presented to the county board an instrument dated January 16, 1903, purporting to be his official bond as such, which was approved January 27, of that year. It contained, among other recitals, the following: "signed with our hands and sealed with our seals," and was signed by all the defendants except W. C. Bennett and Thomas E. Cassidy, executors of the will of J. S. Leas, a deceased signer. The signers of the instrument omitted to affix their seals. On December 3, 1906, the date of the expiration of his term of office he withheld $3416.70. The board of supervisors demanded this sum and he refused to pay it, claiming it as compensation for services as supervisor of assessments. Later a bill in equity charging the foregoing facts in detail was filed in the name of the people for the use of Rock Island county against Lyons and all the living signers and the executors of Leas, a deceased signer, praying that the bond be reformed by affixing the seals of the signers and that an accounting might be had with Lyons and a money decree entered against all the signers for any amount found to be due, with interest thereon, and for general relief. A demurrer to the bill was overruled. Lyons answered the bill in full, admitting some of the charges, denying others and demanding strict proof thereof. The other defendants answered, professing ignorance of the charges, demanding proof thereof and adopting Lyons' answer. There was a hearing and a decree reforming the bond by affixing the seals of the signers thereof and a finding that it was the offi-

cial bond of Lyons as county treasurer and that its conditions had been broken and the defendants were ordered to pay $3416.70 with interest thereon at 5% per annum from December 3, 1906, the date of the demand, and costs of suit, except the defendants, Bennett and Cassidy, who were directed to pay in due course of administration of Leas' estate. The court retained jurisdiction of the cause for the purpose of enforcing the decree. All the defendants appealed.

Appellee offered in evidence a transcript of the proceedings of the board of supervisors of Rock Island county fixing the salary of the county treasurer, signed, "Henry B. Hubbard Clerk of the County Court." To the left of the signature was the word, "Seal". It is contended that this certificate should have been signed by the county clerk and should have had the seal of the county attached. No authority is cited in support of this contention. The law makes the county clerk keeper of the records of the board of supervisors. Hubbard explained that he had but one seal, that of clerk of the County Court, and he certified that he was clerk of the County Court and keeper of the records of the board of supervisors, and that the copy was true and correct. As the same person acts in the dual capacity of county clerk and clerk of the County Court, a certificate is not necessarily vitiated because he attaches to his signature the words, "Clerk of the County Court," when he should attach the words "County Clerk". Parties are bound to take notice of the fact that the clerk of the County Court is county clerk. People v. Munroe, 227 Ill. 604; People v. Phinney, 231 Ill. 180. Since the presumption always is that public authorities do their duty, it will be presumed until the contrary is shown that the public official who signed this certificate attached the proper seal. Lyman v. City of Chicago, 211 Ill. 209; City of Peoria v. Central National Bank, 224 Ill. 43; Waite v. Green River Drainage Dist., 226 Ill. 207. Besides the evi-

dence of the county clerk proved the correctness of the copy, and a record may be proved by an examined copy. People v. Joyce, 154 Ill. App. 13.

It is also contended that the proceedings, if properly certified, are insufficient because the record thereof does not show the legal organization of the board or that there was a quorum present and a majority voting for the resolution. In passing judicially upon the records of county boards where authority appears or is implied by law, such records will be construed according to their intent and it will be presumed that the proceedings were rightfully had, in the absence of all suggestion in the record to the contrary. State v. Crawford Co. Supervisors, 39 Wis. 596. It will be presumed that the members of such board as public officers have done their duty (Loesnitz v. Seelinger, 127 Ind. 422, 25 N. E. 1037), that their meetings were properly convened and at the time designated by law (Loesnitz v. Seelinger, supra; Bartlett v. Eau Claire county, 112 Wis. 237), and that a quorum of the board was present. Lacey v. Davis, 4 Mich. 140; State v. Crawford Co. Supervisors, supra. And where the record recited the adoption of a certain resolution without disclosing a majority, it will be presumed that such resolution received the necessary majority. Giddings v. Wells, 99 Mich. 221. In Bartlett v. Eau Claire Co., supra, it is said: "All reasonable liberality must be accorded the minor deliberate bodies of the state; notably county boards * * * where, by reason of the character and vocation of the men comprising such bodies, the technicalities of procedure are not strictly enforced, nor perhaps fully understood. We must not expect nor demand the records of such meetings should be made with the accuracy and technicality of those of monetary corporations, conducted under the direction of skilled counsel; nor, indeed, of the legislature itself." In Giddings v. Wells supra, the court, in speaking of a record of a board of supervisors, said: "When,

therefore, the record does not disclose the majority, but does set forth the adoption of the resolution, it will be presumed that it received the necessary vote under the law."

The jurisdiction of a court of chancery to so correct mistakes in contracts and agreements as to make them express the actual intent of the parties is one of the ancient and well established heads of the jurisdiction of that court. Where, through mistake or oversight in the execution of an agreement, a seal necessary to its validity is omitted therefrom, but the instrument purports, on its face, to be a sealed instrument, it will, ordinarily, itself furnish the evidence showing the oversight or mistake, and a court of chancery will correct it. Henkleman v. Peterson, 154 Ill. 419. The bond, by its recitals, shows plainly that it was intended as and for the official bond of Lyons as county treasurer. That it was intended to be under seal is shown by the recital, "Sealed with our seals." Lyons and his sureties, by signing, acknowledging and delivering this instrument, furnished all the proof the law requires to justify the decree of reformation. Henkleman v. Peterson, *supra*.

In Keith v. Henkleman, 173 Ill. 137, damages were assessed on the bond reformed in Henkleman v. Peterson, *supra,* on the ground that equity having taken jurisdiction to reform the bond would retain it for the purpose of giving complete relief, by assessing the damages on the bond.

All the sureties except Allen, Ainsworth and Leas testified that they signed the instrument as and for the official bond of Lyons as county treasurer, and all who testified, except Oakleaf, said that they did not notice the absence of the seals. He said he signed the instrument as the bond of Lyons but that he noticed the absence of the seals. It is argued that the bond cannot be reformed as to Allen, Ainsworth, Leas and Oakleaf. Under the authority of Henkleman v.

Peterson, *supra,* we are of the opinion that the court was warranted in holding that they were bound by the statement over their signatures, "Sealed with our seals," and that Oakleaf's oral evidence could not overcome this statement.

Appellants contend that Lyons was entitled to the amount retained by him as supervisor of assessments by virtue of the law of 1898. At the time Lyons qualified as county treasurer the office of supervisor of assessments and county treasurer were not different, but the same office. In Parker v. County of Richland, 214 Ill. 165, it was held, on the authority of Foote v. Lake County, 206 Ill. 185, that Sec. 2 of the revenue act of 1898 providing that in counties of this class (Rock Island) the county treasurer shall be *ex officio* supervisor of assessments, does not create a new office, but adds new duties to the office of county treasurer, and also that under that act the compensation of county treasurer, as fixed by the county board according to law, includes payment for his services rendered as *ex officio* supervisor of assessments. True, after he took the office of county treasurer for which this bond was given and after his salary had been fixed by the board of supervisors, the act of 1903 was passed, allowing compensation to county treasurers as supervisors of assessments but the act of 1898 not creating a new office, and simply adding new duties to the office of county treasurer, whose compensation had been fixed by the resolution passed before he came into office, that compensation could neither be diminished nor increased during his term of office. Therefore it cannot be held that Lyons was entitled to retain the money as supervisor of assessments.

Lyons had but one account book which was entitled, "Collector's and Treasurer's Accounts of County Funds of Rock Island county," which, on the credit side, contained four entries, one after the other, of amounts paid the supervisor of assessments for a por-

tion of the year 1903 and the others for the years 1904, 1905 and 1906 respectively. Appellants contend that if Lyons retained any money unlawfully, it was as county collector and not as county treasurer, and that his bond as county collector and not his bond as county treasurer is liable therefor. To this, we think, there are two replies. First, he credits himself as having paid this to the supervisor of assessments. The supervisor of assessments is under the holding in Foote v. Lake county and Parker v. County of Richland, *supra,* the county treasurer, and if he paid the money to the supervisor of assessments, he paid it to the county treasurer, and the fact that he did not, on the other books of the county treasurer, charge himself with that sum, cannot make any difference with his liability as county treasurer. Second, if he paid the money as collector to the county treasurer, the county treasurer is liable, regardless of his books. The statute requires the moneys received by the county collector to be paid to the county treasurer, and it is from the county treasurer that the statute of 1898 requires the salary of supervisor of assessments to be paid. He could not lawfully have it in his hands to retain for that salary, if the act had been followed, until it was in his hands as treasurer. We conclude that his bond as treasurer was properly held liable for the sum so retained by him under his "claim of right" as supervisor of assessments.

Appellants argue that they were not liable to be charged with interest because there was no legal demand for the fund. The evidence is conclusive that on December 6, 1906, a committee from the board demanded the money and that Lyons refused to pay it. The rule is plainly laid down in Cassady v. Trustees of Schools, 105 Ill. 560, that in all cases where a public officer appropriates and converts to his own use moneys which he holds in his official capacity and upon proper demand refuses to pay over the same,

such officer and his sureties will be liable on his official bond for the amount of money thus appropriated, with interest thereon. Section 2 of the Interest Act specifically allows 5% per annum on all moneys due on bonds.

It is insisted that the court erred in retaining jurisdiction of the cause for the purpose of enforcing its decree. The decree which finds and settles the rights of the contestants is final and appealable, but the court always retains jurisdiction to enter such further orders or decrees to the end that complete justice may be done between all the parties, necessary to carry into effect the original decree of the court. This power is inherent in a court of chancery and is also authorized by Par. 42, Chap. 22, Hurd's R. S.

Appellants further contend that the amount retained by Lyons was out of the general taxes and would be distributed by the county treasurer among various taxing bodies, and that at most the county could only recover its just share of it and that the county could not recover the whole fund, but that each taxing body would have to resort to a separate suit. We are of the opinion that the county had a right to the entire amount, and that the distribution thereof among the several taxing bodies is a matter which does not concern appellants.

The decree is therefore affirmed.

*Affirmed.*